UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RODRIGO GARCIA and LETICIA APARICIO-GARCIA<br><br>Plaintiffs,<br><br>v.<br><br>GREEN TREE SERVICING, LLC.<br><br>Defendant. | CIVIL ACTION<br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED |

COMPLAINT

NOW COME the Plaintiffs, RODRIGO GARCIA ("Rodrigo") and LETICIA APARICIO-GARCIA ("Leticia") (collectively "Plaintiffs"), by and through their attorneys, SULAIMAN LAW GROUP, LTD., complaining of the Defendant, GREEN TREE SERVICING, INC. ("Green Tree") as follows:

NATURE OF THE ACTION

1. Plaintiffs bring this action for violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227, violations of the Bankruptcy Automatic Stay pursuant to 11 U.S.C. §362(k)(1), violations of the Bankruptcy Discharge Order pursuant to 11 U.S.C. §524, and violations of the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA") pursuant to 815 ILCS 505/1 et seq.

JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

1

3. The Court has supplemental jurisdiction over the state law ICFA claim pursuant to 28 U.S.C. §1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiffs reside in this District and the events or omissions giving rise to Plaintiffs' claims occurred in this District.

**PARTIES**

5. Plaintiffs are consumers and natural persons over 18-years-of-age who at all times relevant owned and resided at the property located at 9740 S. Pulaski Road, #406, Oak Lawn, Illinois 60453 ("subject property").

6. Green Tree is a limited liability company with its principal office located at 345 St. Peter Street, Suite 300, St. Paul, Minnesota 55102. Green Tree's registered agent in Illinois is CT Corporation System, 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604.

**STATEMENT OF FACTS**

7. Green Tree holds a first-position mortgage on the subject property, which is Plaintiffs' principal residence. Rodrigo is the sole borrower under the mortgage and note.

8. On November 29, 2014, Rodrigo filed an individual Chapter 7 bankruptcy, Case No. 14-B-42974. *See* Exhibit A, a true and correct copy of the docket report from Rodrigo's bankruptcy and Schedule D of his bankruptcy petition.

9. Schedule D of the bankruptcy petition listed the subject loan, a pre-petition debt to Green Tree, secured by the subject property. *Id.*

10. Upon the filing of his Chapter 7 bankruptcy, the automatic stay went into effect pursuant to 11 U.S.C. §362. The automatic stay prohibits all collection activity on debts included in a bankruptcy.

11. On December 9, 2014, Green Tree sent Rodrigo a statement, which indicated that his account was $1,230.54 past due, with a payment due of $1,916.11. The statement included a payment coupon. He also received a 30 day notice from Green Tree, which indicated that he owed $1,255.75 to cure his default. The correspondence did not include any bankruptcy disclaimer. *See* Exhibit C, true and correct copies of the December 9, 2014 correspondence.

12. On December 16, 2014, Green Tree sent Rodrigo a Notice Of Default And Right To Cure Default. This letter stated that Rodrigo needed to pay $1,255.75 within 30 days to cure his default. It contained no bankruptcy disclaimer. *See* Exhibit D, a true and correct copy of the December 16, 2014 correspondence.

13. On March 9, 2015, Green Tree sent Rodrigo a statement. It indicated that Rodrigo owed a past due amount of $3,287.25 and that his total amount due was $3,972.82. The statement did not include a bankruptcy disclaimer. *See* Exhibit E, a true and correct copy of the March 9, 2015 statement.

14. On March 17, 2015, Rodrigo received his Chapter 7 discharge. Green Tree received notice of Rodrigo's Chapter 7 discharge. *See* Exhibit F, a true and correct copy of the Discharge Order and Certificate of Notice.

15. On April 14, 2015, Green Tree sent Rodrigo a statement. It indicated that Rodrigo owed a past due amount of $3,972.82 and that a payment of $4,658.39 was currently due. The statement did not include a bankruptcy disclaimer. *See* Exhibit G, a true and correct copy of the April 14, 2015 statement.

16. On May 14, 2015, Green Tree sent Rodrigo a statement. It indicated that Rodrigo owed a past due amount of $4,658.39 and that a payment of $5,343.96 was currently due. *See* Exhibit H, a true and correct copy of the May 14, 2015 statement.

17. In addition to sending Rodrigo collection letters and statements in violation of the Automatic Stay and the Discharge Order, Green Tree placed at least 25 calls to Rodrigo's cell phone using an automated telephone dialing system.

18. By filing his Chapter 7 bankruptcy, invoking the power of the Automatic Stay, Rodrigo revoked consent for Green Tree to contact him regarding his mortgage debt.

19. Additionally, Green Tree placed 25 calls to Rodrigo's place of employment between November 28, 2014 and January 8, 2015. Some of these calls were answered by Rodrigo's co-worker. *See* Exhibit I, a true and correct copy of a call log maintained by Rodrigo documenting phone calls received at work. Rodrigo kept this log as a regular practice and updated it at or near the time of each call.

20. Moreover, Green Tree placed calls to Leticia's cell phone. Leticia was not a party to the mortgage or note—she had no business relationship with Green Tree whatsoever.

21. From December 20, 2014 to January 8, 2014, Green Tree called Leticia's cell phone 13 times using an automated telephone dialing system. Leticia had never given Green Tree permission to contact her. *See* Exhibit J, a true and correct copy of Leticia's phone call log.

## COUNT I – VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

22. Plaintiffs restate and reallege paragraphs 1 through 21 as though fully set forth herein.

23. The TCPA prohibits calling persons on their cell phone using an automatic telephone dialing system ("ATDS"). 47 U.S.C. §227(b)(1)(iii). The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

24. Green Tree violated the TCPA by placing at least 25 unauthorized calls to Rodrigo's cell phone using an ATDS. Rodrigo revoked his consent to be called by Green Tree when he

4

filed his Chapter 7 bankruptcy, invoking the Automatic Stay. Moreover, after his discharge, Rodrigo's consent was further revoked by the Discharge Order, which prohibits creditors from contacting debtors regarding discharged debts.

25. Green Tree violated the TCPA when it placed 13 calls to Leticia's cell phone. Leticia has no business relationship with Green Tree, so any calls placed to her cell phone were without permission or authorization.

26. Pursuant to 47 U.S.C. §227(b)(3)(B), Green Tree is liable to Plaintiffs for a minimum of $500 per call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Green Tree's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiffs are otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

WHEREFORE, Plaintiffs request that this Honorable Court:

a. Declare Green Tree's conduct to be a violation of the TCPA;
b. Award Plaintiffs damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C);
c. Award Plaintiffs reasonable attorney fees and costs; and
d. Award any other relief this Honorable Court deems equitable and just.

### COUNT II- VIOLATION OF THE AUTOMATIC STAY

27. Plaintiffs restate and reallege paragraphs 1 through 21 as though fully set forth herein.

a. Section **11 U.S.C. §362(a)(6)**

28. The principal purpose of the Bankruptcy Code is to grant a 'fresh start' to the 'honest but unfortunate debtor." *Marrama v. Citizens Bank of Mass.,* 549 U.S. 365, 367, 127 S.Ct. 1105, 1107, 166 L.Ed.2d 956 (2007).

29. Section 362(a)(6), commonly known as the automatic stay provision, prohibits "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. §362(a)(6).

30. "The automatic stay invoked by the filing of a bankruptcy petition protects a debtor from creditors' attempts to collect pre-petition debts. The automatic stay is designed to give debtors breathing space so that they may reorder their affairs." *In re Robinson*, 228 B.R. 75, 80. (Bankr.E.D.N.Y.1998).

31. "As one of the fundamental debtor protections provided by bankruptcy laws, the automatic stay is intended to stop virtually all debt collection efforts, including efforts to take possession of collateral." *In re Bishop*, 296 B.R. 890, 894 (Bankr.S.D.Ga.2003).

**b. Green Tree's violations of the Automatic Stay**

32. Despite having actual notice of Rodrigo's bankruptcy, Green Tree continued to call and send Rodrigo correspondence soliciting immediate payments.

33. Green Tree sent multiple correspondences, including statements and notices of default, to Rodrigo, attempting to collect a pre-petition debt that was uncollectable due to the Automatic Stay.

34. Green Tree made multiple collection calls to Rodrigo at work and on his cell phone in violation of the automatic stay.

**c. Green Tree's conduct was perpetual, willful, and wanton**

35. Green Tree had knowledge of Rodrigo's bankruptcy through multiple notices from the Bankruptcy Noticing Center. *See* Exhibits B and F.

36. Despite having actual knowledge of Rodrigo's Bankruptcy, Green Tree committed multiple egregious violations of the automatic stay by failing to cease collection efforts as

evidenced by the constant calls, letters, and requests for immediate payment on an uncollectable debt.

37. Green Tree willfully sought to collect a debt from Rodrigo in violation of the automatic stay, thus warranting sanctions and punitive damages to deter future conduct of a similar nature.

38. Rodrigo is entitled to actual damages, attorney's fees, and costs for Green Tree's willful violations of the automatic stay. Rodrigo is also entitled to punitive damages for Green Tree's arrogant defiance of the Bankruptcy Code and its provisions. The Court should award punitive damages to deter Green Tree from future misconduct.

WHEREFORE, Plaintiff Rodrigo Garcia requests that this Honorable Court:

    a. Enter an order directing Green Tree to pay a sum determined by the Court to Plaintiff for actual damages for violations of 11 U.S.C. §362(k)(1);

    b. That this Honorable Court enter an order directing Green Tree to pay a sum determined by the Court to Plaintiff for punitive damages for violations of 11 U.S.C. § 362(k)(1);

    c. That this Honorable Court enter an order directing Green Tree to pay a sum determined by the Court to Plaintiff for all reasonable legal fees and expenses incurred by their attorneys for violations of 11 U.S.C. §362(k)(1); and

    d. That Plaintiff be provided such other and further relief as the Court may deem just and proper.

### COUNT III -- VIOLATION OF 11 U.S.C. §524(A)(2)

39. Plaintiff repeats and realleges paragraphs 1 through 21 as though fully set forth herein.

40. Pursuant to 11 U.S.C. § 524(a)(2), a discharge order "operates as an injunction" against acts to collect discharged debts.

41. "Section 524(a)(2) enjoins an act to collect a discharged debt, so a creditor that attempts to collect a discharged debt is in contempt of the bankruptcy court that issued the order of discharge." *Cox v. Zale Delaware, Inc.*, 239 F.3d 910, 915 (7th Cir. 2001).

42. Punitive damages are especially appropriate when a party has acted in "arrogant defiance" of the Bankruptcy Code. *In re Medlin*, 201 B.R. 188, 194 (Bankr.E.D.Tenn.1996).

43. Green Tree violated the Discharge Injunction by willfully attempting to collect the subject debt with actual notice of Rodrigo's bankruptcy and the discharged status of the subject debt.

44. Green Tree should have implemented procedures and trained its employees to both discourage and prevent willful violations of the Bankruptcy Code.

45. Green Tree's conduct demonstrates that it has no such system in place to protect the rights of innocent consumers under the protection of the Bankruptcy Code.

46. Green Tree's conduct represents a brazen disregard of both the letter and the intent of the Bankruptcy Code.

47. As pled in paragraphs above, Plaintiff has suffered damages as a direct result of Green Tree's civil contempt of the Order of Discharge.

48. Green Tree regularly and systematically engages in collection activity in direct violation of the Discharge Injunction.

49. This pattern and practice of routinely violating the Discharge Injunction demonstrates egregious behavior in arrogant defiance of Federal Law.

50. Rodrigo is entitled to punitive damages for Green Tree's arrogant disregard of the Discharge Injunction.

51. The Court should award punitive damages to deter Green Tree from future misconduct.

WHEREFORE, Plaintiff Rodrigo Garcia, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. declaring that the practices complained of herein violate the aforementioned statute;

b. awarding Plaintiff actual and punitive damages, in an amount to be determined at trial, for the underlying violations

c. awarding the Plaintiff costs and reasonable attorney fees; and

d. awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT IV – VIOLATION OF THE ILLINOIS CONSUMER FRAUD ACT

52. Plaintiffs restate and reallage paragraphs 1 through 21 as through fully set forth herein.

53. Plaintiffs are "persons" and "consumers" as defined in ICFA, 815 ILCS 505/1(c) and (e).

**a. Unfairness**

54. Green Tree is engaged in commerce in the State of Illinois with regard to Plaintiffs, the subject loan, and the subject property. Green Tree specializes in lending, servicing, and debt collection, which are activities within the stream of commerce and utilized in their regular course of business under 815 ILCS 505/1(f).

55. Green Tree's demands for payment on the subject debt, which was duly scheduled in Rodrigo's bankruptcy, represents the use of false pretenses and misleading communication to attempt to collect a debt that was not owed at the time the demands for payment were made.

56. It was unfair for Green Tree to seek to collect the subject debt from Rodrigo through statements, constant misleading letters, and phone calls to his house phone and cell phones.

57. It was unfair for Green Tree to attempt to induce Plaintiffs into making payments on a uncollectible debt by repeatedly sending dunning letters and placing harassing collection calls to Plaintiffs.

58. It was unfair for Green Tree to contact Rodrigo at work, in particular because its calls were, on occasion, answered by Rodrigo's co-worker.

59. It was unfair for Green Tree to contact Leticia on her cellular phone with regard to Rodrigo's debt because she was not a party to that debt.

60. It was unfair for Green Tree to contact Rodrigo directly knowing that he was represented by an attorney.

61. Green Tree intended that Plaintiffs rely on the their unfair acts and Plaintiffs did in fact rely on the unfair acts to their detriment.

62. Green Tree bullied Plaintiffs into submission with perpetual unfair and deceptive conduct through lies, harassment, and deception regarding the collectability of the subject debt, and by ignoring their requests for the communications to stop or be directed to their attorney.

63. An award of punitive damages is appropriate because Green Tree's conduct described above was outrageous, willful and wanton, showed a reckless disregard for the rights of Plaintiffs and consumers, generally, and Plaintiffs had no choice but to submit to the continued letters and phone calls.

WHEREFORE, Plaintiffs requests that this Honorable Court:

a. Enter judgment in Plaintiffs' favor and against Green Tree;
b. Award Plaintiffs their actual damages in an amount to be determined at trial;
c. Award Plaintiffs punitive damages in an amount to be determined at trial;
d. Award Plaintiffs their reasonable attorney's fees and costs pursuant to 815 ILCS 505/10a(c); and

 **e.** Award any other relief this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**

Dated: July 24, 2015        Respectfully Submitted,

               <u>/s/ Matthew H. Hector</u>

               Matthew H. Hector ARDC#6283058
               *Counsel for Plaintiffs*
               Sulaiman Law Group, LTD
               900 Jorie Blvd, Ste 150
               Oak Brook, IL 60523
               Phone (630)575-8181
               Fax: (630)575-8188